**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>SHAPEWAYS, INC., *et al*.,<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11488 (BLS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the Estates of Shapeways, Inc., *et al*.,<br><br>Plaintiff,<br>v.<br><br>Sky Castle Studios LLC,<br>Defendant. | Adv. Pro. No. 26-50629-BLS<br><br>**RE: Adv. D.I. 1** |

**SUMMONS AND NOTICE OF PRETRIAL CONFERENCE**
**IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| | |
|---|---|
| Address of Clerk: | 824 N. Market Street, 3rd Floor<br>Wilmington, DE 19801 |

At the same time, you must also serve a copy of the motion or answer upon the Plaintiff's attorneys.

| Name and address of Plaintiff's attorneys: | |
|---|---|
| Jason Manfrey, Esq.<br>STEVENS & LEE, P.C.<br>620 Freedom Business Center, Suite 200<br>King of Prussia, PA 19406 | Gregory T. Donilon, Esq.<br>STEVENS & LEE, P.C.<br>919 North Market Street, Suite 1300<br>Wilmington, DE 19801 |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address: | Room: |
|---|---|
| United States Bankruptcy Court<br>for the District of Delaware | 6th Floor, Courtroom No. 1 |
| 824 N. Market Street<br>Wilmington, DE 19801 | Date and Time:<br>December 9, 2026, at 9:30 a.m. (ET) |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**United States Bankruptcy Court**
**for the District of Delaware**

/s/ Stephen L. Grant
*Clerk of the Bankruptcy Court*

Date: September 10, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SHAPEWAYS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11488 (BLS)<br><br>Jointly Administered |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the Estates of Shapeways, Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>SKY CASTLE STUDIOS LLC,<br><br>Defendant. | Adv. Pro. No. 26-_____ (BLS) |

**COMPLAINT OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE**
**FOR TURNOVER OF PROPERTY OF THE DEBTORS' ESTATES**
**PURSUANT TO 11 U.S.C. § 542**

Alfred T. Giuliano (the "Trustee"), Chapter 7 trustee for the estates of Shapeways, Inc. ("Shapeways"), Shapeways Holdings, Inc. ("Holdings") and Linear Mold & Engineering, LLC ("Linear Mold" and, collectively with Shapeways and Holdings, the "Debtors"), by and through his special counsel, Stevens & Lee, P.C., brings this Complaint (the "Complaint"), pursuant to Fed. R. Bankr. P. 7001, for turnover of Accounts Receivable (as defined below) as property of the Debtors' estates pursuant to 11 U.S.C. § 542, and alleges as follows:

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

## JURISDICTION AND VENUE

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a) as a civil proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2).

3. Venue of this proceeding is properly in the Bankruptcy Court pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this adversary proceeding, the Trustee seeks turnover from Defendant (as defined below) of the Accounts Receivable pursuant to section 542 of the Bankruptcy Code.

## PARTIES AND BACKGROUND

5. Plaintiff Alfred T. Giuliano is the Trustee for the estates of the Debtors.

6. Sky Castle Studios LLC ("Defendant") is, upon information and belief, a California limited liability company with a principal place of business at 2701 Ocean Park Boulevard, Suite 251, Santa Monica, California 90405-5288 and a registered mailing address at c/o Registered Agents Inc., 101 21st Street, Suite R, Sacramento, California 65811.

7. On July 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

8. On July 5, 2024, the Trustee was appointed by the Office of the United States Trustee (the "U.S. Trustee") to administer the Debtors' estates, which appointment remains in effect.

9. On August 7, 2024, the Bankruptcy Court entered the *Order Authorizing Joint Administration of Related Chapter 7 Cases for Procedural Purposes Only* [Docket No. 46], pursuant to which the Debtors' Chapter 7 bankruptcy cases have been procedurally consolidated and are being jointly administered.

10. Since the filing, the Trustee has been liquidating the Debtors' assets for the benefit of the Debtors' estates and creditors.

11. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' books and records and identified entities that have accounts receivable due and owing to the Debtors.

12. Prior to the Petition Date, Defendant entered into contracts with Debtor Shapeways for the purchase and delivery of certain goods and materials to Defendant (the "Invoices").

13. After reviewing the Debtors' books and records, the Trustee determined that $1,106,177.84 (the "Accounts Receivable") is due and owing to Debtor Shapeways for the goods and materials sold, delivered and received by Defendant prior to the Petition Date.

14. On or about March 24, 2026, the Trustee sent a demand letter (the "Demand Letter") to Defendant, demanding turnover and payment of the Accounts Receivable due and owing to Debtor Shapeways pursuant to section 542 of the Bankruptcy Code. A true and correct copy of the Demand Letter is attached hereto as **Exhibit A** and incorporated by reference herein.

**COUNT ONE**

**(Turnover of the Accounts Receivable Pursuant to 11 U.S.C. § 542)**

15. The Trustee repeats and re-alleges the allegations in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

16. Section 541 of the Bankruptcy Code defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Accordingly, all property in which the Debtors had a legal or equitable interest as of the Petition Date, "wherever located throughout the world and by whomever held," is property of the Debtors' estates. See In re Santaella, 298 B.R. 793, 800 (Bankr. S.D. Fla. 2002).

17. The Accounts Receivable are property of the Debtors' estates under section 541 of the Bankruptcy Code because the Debtors had a legal or equitable interest in the Accounts Receivable as of the Petition Date. As such, the Accounts Receivable are subject to turnover pursuant to section 542 of the Bankruptcy Code.

18. Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of a debtor's estate. 11 U.S.C. § 542. This statutory provision states, in pertinent part, that:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542.

19. Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account for such property or

the value related thereto. In re Allegheny Label, Inc., 128 B.R. 947, 954 (Bankr. W.D.Pa. 1991); Staats v. Meade (In re Meade), 84 B.R. 106, 108 (Bankr. S.D.Ohio 1988) (characterizing funds held in bank account for benefit of another as property of the estate recoverable under section 542 of the Bankruptcy Code).

20. The Accounts Receivable are property of the Debtors' estates pursuant to section 541 of the Bankruptcy Code.

21. Defendant is in possession, custody, and/or control of the Accounts Receivable.

22. The Trustee may use, sell, or lease the Accounts Receivable under section 363 of the Bankruptcy Code.

23. The Accounts Receivable are valuable and beneficial to the Debtors' estates.

24. Turnover of the Accounts Receivable is appropriate pursuant to section 542 of the Bankruptcy Code.

25. Accordingly, the Accounts Receivable are property of the Debtors' estates under section 541 of the Bankruptcy Code and subject to turnover to the Trustee pursuant to section 542 of the Bankruptcy Code.

**COUNT TWO**

**(Attorneys' Fees – Bankruptcy Rule 7054)**

26. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

27. The Trustee has incurred significant legal fees and expenses to pursue these claims against Defendant.

28. The Trustee is entitled to reasonable attorneys' fees, pursuant to Bankruptcy Rule 7054.

WHEREFORE, the Trustee demands judgment against Defendant:

(a) Declaring that the Accounts Receivable are property of the Debtors' estates under section 541 of the Bankruptcy Code, finding that the Accounts Receivable are subject to turnover pursuant to section 542 of the Bankruptcy Code, and directing Defendant to turn over the Accounts Receivable to the Trustee immediately in accordance with section 542 of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding pursuant to Bankruptcy Rule 7054; and

(c) awarding the Trustee such other and further relief as may be just and proper.

Dated: August 13, 2026
Wilmington, Delaware

**STEVENS & LEE, P.C.**

*/s/ Gregory T. Donilon*
Gregory T. Donilon (No. 4244)
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 425-3311
Facsimile: (610) 371-7371
Email: gregory.donilon@stevenslee.com

-and-

Jason Manfrey
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
Telephone: (610) 205-6054
Facsimile: (610) 371-7958
Email: jason.manfrey@stevenslee.com

*Special Counsel for Plaintiff Alfred T. Giuliano, Chapter 7 Trustee for the Estates of Shapeways, Inc., Shapeways Holdings, Inc., and Linear Mold & Engineering, LLC*

# **EXHIBIT A**

# Stevens & Lee

919 North Market Street
Suite 1300
Wilmington, DE 19801
302-654-5180
www.stevenslee.com

T: (302) 425-3311
F: (610) 371-7371
gregory.donilon@stevenslee.com

March 24, 2026

**SETTLEMENT COMMUNICATIONS**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408**

**VIA FEDERAL EXPRESS**

Sky Castle Studios LLC
Att'n: Legal Department
2701 Ocean Park Blvd.
Suite 251
Santa Monica, CA 90404

Sky Castle Studios LLC
Att'n: Legal Department
2261 Market Street
Unit 4761
San Francisco, CA 94114-1612

Re: **NOTICE OF DEMAND FOR PAYMENT OF ACCOUNTS RECEIVABLE, OFFER TO SETTLE AND POTENTIAL LITIGATION**

***In re Shapeways, Inc., et al.*, Case No. 24-11488 (BLS) (Bankr. D. Del.)**

**Shapeways, Inc., Debtor Pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Alfred T. Giuliano, Chapter 7 Trustee**

**Amount Due: $1,106,177.84**

Dear Sir/Madam:

This firm represents Alfred T. Giuliano (the "Trustee"), the Chapter 7 Trustee in the above-referenced, jointly-administered Chapter 7 bankruptcy cases of Shapeways, Inc. ("Shapeways"), Shapeways Holdings, Inc., and Linear Mold & Engineering, LLC (all three affiliated Chapter 7 debtors, collectively, the "Debtors"), as special counsel.

On July 2, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On July 5, 2024, the Trustee was appointed by the Office of the United States Trustee to administer the Debtors' Chapter 7 bankruptcy estates, which appointment remains in effect. On August 7, 2024, the Bankruptcy Court entered the *Order Authorizing Joint Administration of Related Chapter 7 Cases*

Stevens & Lee



*for Procedural Purposes Only* [Docket No. 46], pursuant to which the Debtors' Chapter 7 bankruptcy cases have been procedurally consolidated and are being jointly administered.

Pursuant to Shapeways' books and records, **Sky Castle Studios LLC** (the "Obligor") is indebted to Shapeways in the amount of **$1,106,177.84**, excluding any applicable interest, fees, and charges as of the date of this letter (the "Amount Due"). Details underlying the Amount Due are enclosed herewith for your reference.

Under section 704 of the Bankruptcy Code, the Trustee is obligated to collect property of the Debtors' Chapter 7 bankruptcy estates, which includes pursuing recovery of the Amount Due under sections 541 and 542 of the Bankruptcy Code. Section 541(a)(1) of the Bankruptcy Code provides that a debtor's bankruptcy estate is comprised of, *inter alia*, all legal or equitable interests of the debtor in property as of the commencement of the case. The Amount Due from Obligor constitutes property of the Debtors' estates. As such, under section 542 of the Bankruptcy Code, Obligor is required to turnover and pay to the Trustee the Amount Due.

Accordingly, demand is hereby made upon Obligor for the immediate turnover and payment to the Trustee of the total Amount Due. Unless payment in full is received by the Trustee on or before **April 15, 2026**, or other arrangements acceptable to the Trustee, in his sole discretion, are made, the Trustee may proceed with legal action against the Obligor without further notice, including, without limitation, the commencement of proceedings pursuant to section 542 of the Bankruptcy Code. If Obligor pays the Amount Due within the timeframe designated above, the Trustee will waive any applicable interest, fees, and other charges in connection with the debt.

By **April 15, 2026**, please issue a check for the Amount Due, payable to "Alfred T. Giuliano, Chapter 7 Trustee" and mail it to the attention of Jason C. Manfrey, Esq. at Stevens & Lee P.C., 620 Freedom Business Center, Suite 200, King of Prussia, PA 19312. If Obligor wishes to wire its payment, please contact me for wire instructions.

This correspondence and the information contained and referenced herein are being provided for settlement purposes only. This letter is written with full reservation of rights, including the right to supplement this demand for payment if additional sums appear to be due. All rights are reserved, and this correspondence and the contents herein shall not be admissible in this or any other proceeding.

Very truly yours,

STEVENS & LEE

Gregory T. Donilon

*Bankruptcy Case: 24-11488-BLS Shapeways, Inc.*

**Sky Castle Studios LLC**
2701 Ocean Park Blvd
Suite 251, Box 7
Santa Monica CA 90404 United States

*TRANSACTIONS:*

| Number | Date | | Amount | Description |
|---|---|---|---|---|
| HF-00070T | 08/31/2020 | | $ 22,301.89 | Invoice |
| INC-3302833 | 10/26/2023 | | 126.66 | Invoice |
| INC-3305110 | 10/31/2023 | | 697.27 | Invoice |
| INC-3376224 | 01/03/2024 | | 788.61 | Invoice |
| INC-3376929 | 01/04/2024 | | 58.98 | Invoice |
| INC-3387830 | 01/23/2024 | | 201.24 | Invoice |
| INC-3405846 | 02/05/2024 | | 101.79 | Invoice |
| INC-3406510 | 02/06/2024 | | 95.49 | Invoice |
| INC-3410273 | 02/13/2024 | | 1,241.47 | Invoice |
| INC-3461429 | 04/10/2024 | | 2,137.66 | Invoice |
| JE511207 | 04/19/2024 | | 1,009.58 | Invoice |
| HF-00114 | 04/30/2024 | | 345,291.40 | Invoice |
| HF-00114T | 04/30/2024 | | 3,902.16 | Invoice |
| HF-NL-00114 | 04/30/2024 | | 5,413.27 | Invoice |
| INC-3485679 | 05/09/2024 | | 2,104.14 | Invoice |
| INC-3485680 | 05/09/2024 | | 2,104.14 | Invoice |
| INC-3485682 | 05/09/2024 | | 2,219.86 | Invoice |
| INC-3497385 | 05/14/2024 | | 138.67 | Invoice |
| INC-3500492 | 05/21/2024 | | 13,707.00 | Invoice |
| HF-00115 | 05/31/2024 | | 687,225.79 | Invoice |
| HF-00115T | 05/31/2024 | | 6,607.13 | Invoice |
| HF-NL-00115 | 05/31/2024 | | 8,703.64 | Invoice |
| BALANCE | | 22 | $ 1,106,177.84 | |

9/17/2024

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>SHAPEWAYS, INC., *et al*.,<br>Debtors. | Chapter 7<br><br>Case No. 24-11488 (BLS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the Estates of Shapeways, Inc., *et al*.,<br>Plaintiff,<br>v.<br><br>Sky Castle Studios LLC,<br>Defendant. | Adv. Pro. No. 26-50629-BLS |

**NOTICE OF DISPUTE RESOLUTION ALTERNATIVES**

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court. The use of these services are often productive and effective in settling disputes. **The purpose of this Notice is to furnish general information about ADR.**

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral."

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

Dated: September 10, 2026

/s/ Stephen L. Grant
*Clerk of Court*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>SHAPEWAYS, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11488 (BLS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the Estates of Shapeways, Inc., *et al.*,<br>Plaintiff,<br>v.<br><br>Sky Castle Studios LLC,<br>Defendant. | Adv. Pro. No. 26-50629-BLS<br><br>**RE: Adv. D.I. 1** |

**CERTIFICATE OF SERVICE**

I, Gregory T. Donilon, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of the Summons, the Complaint and the Notice of Dispute Resolution Alternatives was made on September 10, 2026, by:

**X** Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

Sky Castle Studios LLC
2701 Ocean Park Boulevard, Suite 251
Santa Monica, CA 90405-5288

Sky Castle Studios LLC
c/o Registered Agents Inc.
101 21st Street, Suite R
Sacramento, CA 65811

___ Electronic Mail ("E-Mail"): By e-mailing with defendant or defendant's counsel at the below address:

___ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

___ Residence Service: By leaving the process with the following adult at:

___ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

___ Publication: The defendant was served as follows: [Describe briefly]

___ State Law: The defendant was served pursuant to the laws of the State of ________________________, as follows: [Describe briefly] (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: September 10, 2026

*/s/ Gregory T. Donilon*
Gregory T. Donilon (No. 4244)
STEVENS & LEE, P.C.
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 425-3311
Email: gregory.donilon@stevenslee.com